IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Erika Craig, | ) | C.A. No. 3:08-cv-02113-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION FOR PARTIAL DISMISSAL** |
| South Carolina Department of Health and | ) | **[Defendant South Carolina Department of** |
| Environmental Control and Terry Davenport, | ) | **Health and Environmental Control]** |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Introductory Statement**

This is an action alleging employment discrimination and related tort claims. Plaintiff is a former employee of Defendant South Carolina Department of Health and Environmental Control ("DHEC"). Defendant Davenport is Plaintiff's former supervisor. In her Amended Complaint, Plaintiff alleges that she was discriminated against, harassed, subjected to a hostile work environment and constructively discharged because of her race, color and sex. She also alleges that the defendants retaliated against her. She purports to state claims against both defendants for race, color and sex discrimination, retaliation for complaining about such discrimination, and constructive discharge (hereafter "the federal claims"), in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* Additionally, Plaintiff purports to state pendent claims for gross negligence (against DHEC), defamation (against Davenport only), and intentional infliction of emotional distress (against Davenport only).

DHEC has filed a motion for partial dismissal seeking dismissal of the state law claim for gross negligence and as to all the federal claims except the Title VII claim for retaliation. This

memorandum is in support of that motion.

## Argument

**1.    To the extent Plaintiff purports to state claims for race, sex and color discrimination, retaliation, and/or constructive discharge against DHEC under 42 U.S.C. § 1983, her claims fail as a matter of law because DHEC is not a "person" within the meaning of § 1983.**

Plaintiff brings her federal claims pursuant to Title VII and 42 U.S.C. § 1983. To the extent that she purports to rest those claims on § 1983, they fail as a matter of law as to DHEC under *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), which holds that States are not "persons" within the meaning of § 1983.

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the person injured in an action at law, suit in equity, or other proceeding for redress.
> * * *

42 U.S.C. § 1983. In *Will*, the Supreme Court held that the States (including all governmental entities that are considered "arms of the State" for Eleventh Amendment purposes) are not "persons" within the meaning of § 1983. *Will*, 491 U.S. at 70-71.

DHEC is an arm of the State of South Carolina for purposes of the Eleventh Amendment. *See Bellamy v. Borders*, 727 F.Supp. 247 (D.S.C. 1989) (holding that DHEC is a state agency entitled to Eleventh Amendment immunity); *see also* S.C. Code Ann. § 1-30-10(A) ("There are hereby created within the executive branch of the state government the following departments: * * * 7. Department of Health and Environmental Control * * *"). Indeed, Plaintiff affirmatively alleges that "[p]ursuant to S.C. Code Sections 1-30-45 and 44-1-20, Defendant SCDHEC is a division of state government." [Amended Complaint, ¶ 10]

Since DHEC is indisputably an arm of the State of South Carolina, it is not a "person" within the meaning of § 1983. *Will*. Therefore, DHEC is not amenable to suit under that remedial statute. *See Bellamy*, 727 F.Supp. at 249-50. Accordingly, to the extent that Plaintiff's federal claims for race, color and sex discrimination -- including discriminatory harassment, hostile work environment and constructive discharge -- and retaliation are predicated on § 1983, those claims fail as a matter of law and must therefore be dismissed as to DHEC.

**2.     Insofar as Plaintiff purports to state claims against DHEC under Title VII for race, color and sex discrimination -- including discriminatory harassment, hostile work environment and constructive discharge -- those claims are procedurally barred because they were not administratively exhausted in a timely-filed EEOC charge.**

As noted, Plaintiff purports to state federal claims against SCDHEC for race, color and sex discrimination -- including claims of discriminatory harassment, hostile work environment and constructive discharge -- and retaliation. She lays her federal claims under 42 U.S.C. § 1983 and Title VII. For the reasons state in Argument 1, SCDHEC is not subject to suit under § 1983. While DHEC is subject to suit under Title VII, *see Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976) (holding 1972 amendments to Title VII which extended that law's reach to states in their capacity as employers validly abrogated States' Eleventh Amendment immunity), it is not subject to suit for claims of discrimination that have not been administratively exhausted with the United States Equal Employment Opportunity Commission ("EEOC"). And, because Plaintiff did not administratively exhaust her claims of race, color or sex discrimination -- including her claims of discriminatory harassment, hostile work environment and constructive discharge -- those claims are procedurally barred and must be dismissed.

Title VII requires, as a prerequisite to suit, that a plaintiff exhaust her claims of discrimination by raising them in a charge filed with the EEOC within the time prescribed by Title VII which, in South Carolina, is 300 days from the date the discriminatory act occurred. 42 U.S.C.

§ 2000e-5(e)(1). *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Failure to satisfy this prerequisite ordinarily operates as a bar to the litigation of any unexhausted claims. As the Fourth Circuit explained in *Chacko v. Patuxent Inst.*, 429 F.3d 505 (4th Cir. 2005):

> Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge. For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis -- such as race -- and he introduces another basis in formal litigation -- such as sex. A claim will also typically be barred if the administrative charge alleges one type of discrimination -- such as discriminatory failure to promote -- and the claim encompasses another type -- such as discrimination in pay and benefits.

*Chacko*, 429 F.3d at 509 (internal and end citations omitted).

Plaintiff filed her charge of discrimination with the EEOC on or about August 21, 2006. (Ex. A)[1] That charge alleges no claim of race discrimination, no claim of sex discrimination, and no claim of color discrimination. The only claim alleged in the charge is a claim of retaliation. "Retaliation" is the only box on the charge that Plaintiff marked, and her narrative makes clear that retaliation is all that she intended to allege:

> I currently work for the above cited employer since August 2001. In October, 2005 I filed an internal EEO complaint. The investigation concluded not in my favor. Since I filed this complaint against my supervisor, Terry Davenport, I received a written reprimand for false accusations. In addition, Mr. Davenport told my coworkers not to talk to me and has damaged my reputation spreading false rumors about me. In May, 2006 Mr. Davenport was transferred to another department. Since the transfer Mr. Davenport has come to my work area. After the first time I reported it to Allison Hayes, Section Manager, Rene Shealy, Assistant Bureau Chief and Gloria Taylor. After my reports he continued to visit the area on two more

---

[1] DHEC requests that the Court take judicial notice of Plaintiff's charge under Rule 201, Fed.R.Evid. *See, e.g., Faibisch v. University of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002); *Brown v. Institute for Family Centered Svcs., Inc.*, 394 F.Supp.2d 724, 728 n. 2 (M.D.N.C. 2005) (both holding court can judicially notice EEOC charge and doing so does not convert Rule 12(b) motion to motion for summary judgment).

4

occasions.

I believe my employer's actions are retaliatory based on my EEO complaint filed. This is done in violation under Title VII of the Civil Rights Act of 1964, as amended.

(Ex. A)[2]

---

[2]Plaintiff attached to her charge an additional narrative setting out her claim of retaliation. The narrative attached to her charge reads, in full:

THE PARTICULARS ARE:

I have currently worked for the above cited employer since August 2001. In February 2002, Terry Davenport became my supervisor. After continuous failed attempts to resolve conflict with my supervisor, in October 2005, I filed an internal EEO complaint. In January 2006, the investigation conclusion was not in my favor. Since I filed this complaint against my supervisor, Terry Davenport, I received a written reprimand citing false accusations. In March 2006, I addressed the written reprimand, which Mr. Davenport responded to as not having time to address. In April 2006, Mr. Davenport accused me of violating Department policies and addressed Carl Richardson, the Division Director. Mr. Davenport accused me of abusing and unwilling to follow Department procedures and policies.

In addition, Mr. Davenport has damaged both my personal and professional reputation, intimidated and harassed my coworkers and me and denied me promotional opportunities by stating I didn't meet his subjective criteria because "I act like atypical, angry, black woman." He has instructed my co-workers not to talk to me. He has also instructed my facility contacts and co-workers to file complaints against me. Similarly, he has invited my co-workers to participate in schemes by telling them I spoke against them. And, he has instructed them to convince me to accept his sexual advances while promising them success (promotions and/or good reviews) if they comply with his wishes.

In May 2006, I received a confidential memorandum indicating I would be transferred to another section where Alyson Hayes would serve as my supervisor. During this same month, Mr. Davenport was transferred to another Department in another building. At that time, I was accused by a coworker from another Department as having

(continued...)

5

Since Plaintiff's charge of discrimination does not allege any claim of race, sex or color discrimination, she has not administratively exhausted those claims. Hence, she cannot assert Title VII claims against DHEC for race, sex or color discrimination of any type, including harassment, hostile work environment, and/or constructive discharge. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009) (where EEOC charge alleged only retaliation, plaintiff's claims of age, sex and race discrimination were not administratively exhausted as required and were properly dismissed); *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002) (where EEOC charge alleged only race discrimination, claims of color and sex discrimination were procedurally barred). The mere fact that Plaintiff alleged in the narrative of her charge that she was retaliated against because she had filed an internal EEO complaint against Davenport is not sufficient to exhaust any predicate substantive claim of discrimination, including harassment. *See Duncan v. Delta Consolidated Industries*, 371 F.3d 1020, 1025-26 (8th Cir. 2004) ("It is well-settled that charges of sexual harassment generally are not like or reasonably related to retaliation charges for complaining about antecedent harassment.")

---

[2](...continued)
    refused to play Mr. Davenport's games. Since that transfer, Mr. Davenport has requested to meet with me. He has also come to my work area. I reported this incident to Renee Shealy, Assistant Bureau Chief and Gloria Tyler, Personnel Services. After my report, he has continued to visit the area on three more occasions even stopping by my office.

    I believe my employer's actions are retaliatory, based on my EEO complaint file. This done in violation under Title VII of the Civil Rights Act of 1964, as amended.

    August 21, 2006                      s/ Erika L. Craig

(Ex. A)

Accordingly, Plaintiff's Title VII claims of race, color and sex discrimination -- including discriminatory harassment, hostile work environment and constructive discharge -- must be dismissed because none of those claims were administratively exhausted.

**3.     Plaintiff's claim for gross negligence is foreclosed by the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-60(14) and (17) (Supp. 2008), and by the exclusive remedy feature of the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-540.**

In her sixth cause of action, Plaintiff purports to state a claim for gross negligence against DHEC. She alleges:

> 56.     SCDHEC had complete control over Davenport. SCDHEC knew or should have known of the necessity and opportunity for exercising control over Davenport, but failed at every opportunity to do so.
>
> 57.     SCDHEC had a duty to ensure that Craig was treated the same as all other employees. SCDHEC breached that duty and was wanton, wilful and reckless in some one o[r] all of the aforesaid and following particulars:
>
>> a.     In failing to adequately instruct Davenport on the subjects of discrimination and harassment;
>>
>> b.     In failing to adequately monitor Davenport when discriminatory incidents and harassment were reported by Craig;
>>
>> c.     In failing to ensure that policies against discrimination and harassment were implemented and followed by Davenport;
>>
>> d.     In failing to require Davenport to follow the requirements of an SCDHEC supervisor;
>>
>> e.     In failing to require Davenport to adhere to policy regarding discrimination;
>>
>> f.     In failing to adhere to its policy regarding discrimination;
>>
>> g.     In failing to adhere to its policy regarding sexual harassment;
>>
>> h.     In failing to require Davenport to adhere to the requirements of a supervisor employed by SCDHEC;
>>
>> i.     In failing to use that degree of care and caution that a reasonable and prudent agency and state employee would have used under the

> circumstances then and there prevailing, all of which were the direct and proximate causes of the damages and injuries suffered by Craig.
>
> 58. Defendants knew or should have known that failing to treat Craig the same as all other employees would cause her to suffer damages. As a result of the foregoing acts and omissions, Craig has suffered and continues to suffer depression, mental anguish, and fear.

[Amended Complaint, paras. 56-58] This claim is barred by the South Carolina Tort Claims Act and the South Carolina Workers' Compensation Act and therefore fails as a matter of law.

The South Carolina Tort Claims Act ("SCTCA") specifically exempts a governmental entity from liability for "a loss resulting from ... (14) any claim covered by the South Carolina Workers' Compensation Act. ..." S.C. Code Ann. § 15-78-60(14) (Supp. 2008). The Workers' Compensation Act -- which applies to all state employees, *see* S.C. Code Ann. §§ 42-1-130 and 42-1-320 -- provides that that Act constitutes an employee's sole state law remedy against his employer for work-related injuries and "exclude[s] all other rights and remedies of such employee ... as against his employer... ." S.C. Code Ann. § 42-1-540. Referring specifically to these two statutory provisions, the South Carolina Supreme Court declared: "Both Acts [*i.e.*, the SCTCA and the Workers' Compensation Act] expressly prohibit a government employee who sustains a work-related injury from maintaining a tort action against her government employer." *Tatum v. Medical University of South Carolina*, 552 S.E.2d 18, 25 (S.C. 2001). And, in *Sabb v. South Carolina State University*, 567 S.E.2d 231 (S.C. 2002), where a state employee sued her employer for negligent supervision and negligent retention arising out of work-related personal injuries resulting from the tortious actions of her supervisor, the Supreme Court reiterated:

> From these statutes [§§ 42-1-540 and 15-78-60(14)], it is apparent the General Assembly intends for employees to seek a remedy from employers for their work-related injury *only* through the Workers' Compensation Commission and *not* through the trial courts. Therefore, the trial court's original jurisdiction over this type of tort claim was divested by the General Assembly's enactment of these statutes, which, in turn, means the trial court

lacked original jurisdiction to hear Sabb's claims.

*Id.*, 567 S.E.2d at 234 n. 2 (emphasis added).

Thus, Plaintiff cannot maintain her tort claims against DHEC because she was a covered "employee" within the meaning of the Workers' Compensation Act, *see* S.C. Code Ann. § 42-1-130 (Supp. 2008) (defining term "employee" to include "all officers and employees of the State"), who, according to her Amended Complaint, sustained personal injuries ("depression, mental anguish and fear") in the course of her employment with DHEC. Binding precedent confirms that the injuries that Plaintiff alleges she sustained constitute "injury" and "personal injury" within the scope of the Workers' Compensation Act which defines these terms as "injury by accident arising out of and in the course of employment...." S.C. Code Ann. § 42-1-160 (Supp. 2008).

The term "accident" as used in § 42-1-160 means "an unlooked for and untoward event which is not expected or designed by the person who suffers the injury." *Dickert v. Metropolitan Life Ins. Co.*, 428 S.E.2d 700, 701-02 (S.C. 1993) (internal citation omitted). In *Dickert*, the Supreme Court squarely held that a course of sexual misconduct, harassment, assault and abuse perpetrated by a supervisor against a female subordinate was an "accident" within the meaning of the Workers' Compensation Act *even though* the pattern of misconduct "persisted through an extended period" -- there 16 months -- because the supervisor's egregious misconduct "was at no time an ordinary incident of employment." *Id.*, 428 S.E.2d at 702.

An injury arises "in the course of employment" within the meaning of the Workers' Compensation Act where, as Plaintiff alleges in her Amended Complaint, "the vast majority and most egregious of the conduct alleged occurred while the parties were at work." *Loges v. Mack Trucks, Inc.*, 417 S.E.2d 538, 540 (S.C. 1992). An injury necessarily arises "out of employment" where, as here, the plaintiff alleges that her employer failed to provide her protection from injury at

9

work and/or that her employer failed to take adequate measures to protect her from injury in the face of known risks. *Id.* As the Supreme Court explained in *Loges*: "Appellant cannot argue that her employer failed to provide protection and yet maintain that her injury did not arise out of employment." *Id.*

Therefore, because Plaintiff alleges that she sustained work-related injuries which arose out of and in the course of her employment with DHEC, she cannot maintain this tort action against DHEC. Her claims are barred by both the exclusive remedy provision of the Workers' Compensation Act (S.C. Code Ann. § 42-1-540), *see Washington v. Hilton Hotels Corp.*, 2008 WL 747792 (D.S.C. 2008); *Ray v. Bechtel Savannah River, Inc.*, 2007 WL 1960587 (D.S.C. 2007) (copies attached), and by the SCTCA's provision exempting a governmental entity from tort liability on "claims covered by the Workers' Compensation Act." (S.C. Code Ann. § 15-78-60(14)). The fact that Plaintiff has cast her state tort claim against DHEC as one for "gross negligence" does not alter this conclusion because the Workers' Compensation Act's exclusive remedy provision bars tort claims by an employee against her employer for work-related injuries resulting from the employer's gross negligence just as it bars tort claims for injuries resulting from the employer's ordinary negligence. *Peay v. U.S. Silica Co.*, 437 S.E.2d 64 (S.C. 1993). Indeed, *Peay* holds that "only those injuries inflicted by an employer who acts with a deliberate or specific intent to injure are exempted from the exclusive remedy of workers' compensation coverage[]" and specifically rejected the argument that injuries resulting from an employer's gross negligence should be equated with injuries resulting from intentional acts. *Peay*, 437 S.E.2d at 65-66.[3]

---

[3] If Plaintiff were to argue that DHEC deliberately or specifically intended to injure her, her claim against DHEC would be foreclosed by another provision of the SCTCA which exempts governmental entities from liability for employee conduct constituting "... intent to harm...." S.C. Code Ann. § 15-78-60(17). *See Gause v. Doe*, 451 S.E.2d 408 (S.C.Ct.App. 1994) (governmental
(continued...)

Consequently, because Plaintiff's alleged claims are covered by the Workers' Compensation Act, Plaintiff's claim for gross negligence must be dismissed. As the court explained in *Tatum* in upholding a Rule 12(b)(6) dismissal of a claim for personal injury brought by a government employee against her governmental employer:

> We conclude provisions in both the Tort Claims Act and Workers' Compensation Act clearly establish the General Assembly did not intend to allow a government employee to maintain a tort action against her employer when workers' compensation is applicable.

*Tatum*, 552 S.E.2d at 21.

**4.     Plaintiff's claim for punitive damages against DHEC fails as a matter of law because punitive damages are not available against DHEC under federal or state law.**

In her Amended Complaint, Plaintiff seeks punitive damages. [Amended Complaint, ¶ 24; Prayer for Relief, at B.] Punitive damages, however, are not recoverable against DHEC even if the agency were subject to suit on the claims that Plaintiff purports to state against it.

First, if DHEC were subject to suit under 42 U.S.C. § 1983, punitive damages would not be available since governmental entities are not liable for exemplary damages under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Second, punitive damages are not recoverable against governmental entities under Title VII. 42 U.S.C. § 1981a(b)(1). *See Googerdy v. North Carolina Agricultural and Technical State Univ.*, 386 F.Supp. 2d 618, 625 (M.D.N.C. 2005); *McInnis v. North Carolina State Dep't of Environment and Natural Resources*, 223 F.Supp. 2d 758, 763 (M.D.N.C. 2002). Third, under state law, punitive damages cannot be recovered from a state

---

[3](...continued)
entity immune from liability under § 15-78-60(17) where, to prevail on tort claim asserted, plaintiff must prove "actual malice"); *see also Harkness v. City of Anderson*, 2005 WL 2777574, *4 (D.S.C. 2005) (§ 15-78-60(17) exempts governmental entities from liability for intentional torts) (copy attached); *Smith v. Ozmint*, 394 F.Supp. 787, 792 (D.S.C. 2005) (state agency not liable under SCTCA on torts claim alleging or requiring intent to harm).

11

agency or other governmental entity; therefore, such damages are not available against DHEC on the pendent claim for gross negligence. *See* S.C. Code Ann. § 15-78-120(b) (punitive damages are not recoverable against a governmental entity under SCTCA); *Macmurphy v. South Carolina Dep't of Highways and Public Transp'n*, 367 S.E.2d 150 (S.C. 1987) (punitive damages not recoverable against state agency); *Branch v. City of Myrtle Beach*, 532 S.E.2d 289, 293 (S.C. 2000) ("[P]ublic employers cannot by law be liable for punitive damages.").

Since punitive damages are, as a matter of law, not an available remedy against DHEC on any of the claims alleged, her claim for such damages from DHEC must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a legally cognizable claim.

## Conclusion

For the foregoing reasons, DHEC requests that the Court grant its motion for partial dismissal and dismiss all of Plaintiff's claims against DHEC except her Title VII claim for retaliation.

July 17, 2009
mm-MD-part-DHEC - 724-Q.wpd

   s/Vance J. Bettis
VANCE J. BETTIS (FID 1323)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Ave., Suite 100
Columbia, SC   29201
Phone: (803) 799-9311 / Fax: (803) 254-6951
Email:  vbettis@gsblaw.net

Attorney for Defendant South Carolina Department
of Health and Environmental Control