IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Erika Craig, | ) | C/A No. 3:08-2113-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Health and | ) | |
| Environmental Control; | ) | |
| Terry Davenport, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This employment discrimination matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Erika Craig ("Craig"), filed this action against her former employer, the South Carolina Department of Health and Environmental Control ("DHEC"), and her former supervisor, Terry Davenport ("Davenport"), pursuant to 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. § 1983. She asserts federal claims of race, color, and sex discrimination; harassment; retaliation; hostile work environment; and constructive discharge. Craig also asserts state law claims of gross negligence, defamation, and intentional infliction of emotional distress.

DHEC has filed a motion to dismiss some of Craig's claims. (Docket Entry 35.) Craig filed a response in opposition to DHEC's motion to dismiss. (Docket Entry 40.) DHEC filed a reply to the response. (Docket Entry 44.) This motion is now ready for a Report and Recommendation.

## BACKGROUND

Viewed in the light most favorable to Craig, the following facts are pertinent to the resolution of DHEC's motion. Craig is a former employee of DHEC who worked for Davenport. Craig contends that Davenport subjected her to "lewd, gross, and suggestive language of a sexual nature," inappropriate remarks regarding Craig's personal life, and unwelcome sexual advances. (Am. Compl., Docket Entry 27 at 5.) In addition, Craig alleges that Davenport implied that if Craig were to agree to his sexual advances, she would benefit in her employment at DHEC, as well as personally and financially. (Id.) In her Amended Complaint, Craig asserts—as to DHEC—federal claims of race, color, and sex discrimination; harassment; hostile work environment; constructive discharge; and retaliation. (Am. Compl., Docket Entry 27.) Additionally, she asserts a state law claim of gross negligence against DHEC. DHEC now moves to dismiss Craig's state law claim for gross negligence and all federal claims except for Craig's retaliation claim.

## DISCUSSION

**A.     Standard for Motion to Dismiss under Rule 12(b)**

DHEC has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

PJG

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B.  **Craig's Claims Against DHEC**

  1.  **Exhaustion of Administrative Remedies**

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the [Equal Employment Opportunity Commission]." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); see also 42 U.S.C. § 2000e-5(f)(1). Courts have interpreted the requirement to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)); Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge'") (quoting Equal Employment Opportunity Comm'n v. Gen. Elec., 532 F.2d 359, 365 (4th Cir. 1976)); see also Smith, 202 F.3d at 247 ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute

a civil suit."). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred).

> The Fourth Circuit has emphasized:
>
> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent . . . lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citations omitted). Therefore, a "civil suit under Title VII is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge." Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994). When a claim "raised under Title VII exceed[s] the scope of the EEOC charge and any charge that would

*PJG*

naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

Craig has failed to exhaust administrative remedies with respect to all of the claims she asserts against DHEC in her Amended Complaint. In considering facts similar to this situation, the Fourth Circuit has held that when only a claim of retaliation, but no other form of Title VII discrimination, is raised in a charge before the EEOC, other Title VII claims are procedurally barred. Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009). Here, Craig's administrative charge ("EEOC Charge"), which was filed on an EEOC Form 5, shows that Craig, like the plaintiff in Jones, marked only the box indicating that she suffered discrimination based on "Retaliation" and did not mark any other boxes describing other forms of discrimination. (DHEC's Mem. Supp. Mot. to Dismiss, Ex. A, Docket Entry 35-3 at 2.) Further, with regard to DHEC, the narrative portion of her EEOC Charge states, "I believe my employer's actions are retaliatory based on my EEO complaint filed [against Davenport]. This is done in violation under Title VII of the Civil Rights Act of 1964, as amended." (Id.) Further, Craig included an attachment to her EEOC Charge, which reiterated her belief that DHEC's actions were "retaliatory," but made no allegation that DHEC discriminated against her based on her race or gender. (Id. at 3.)

Although Craig argues that her race and gender discrimination, hostile work environment, and constructive discharge allegations should have been investigated by the EEOC, the First and Fifth Circuit authority relied upon by Craig is not controlling. See Powers v. Grinnell Corp., 915 F.2d 34 (1st Cir. 1990); Equal Employment Opportunity Comm'n v. Hutting Sash & Door Co., 511 F.2d 453 (5th Cir. 1975). Fourth Circuit precedent on this point is clear. Jones, 551 F.3d at 301. Also unavailing is her argument that the claims at issue were administratively exhausted because she

PJG

mentioned them in her EEOC intake questionnaire. Courts have held that where, as here, the EEOC makes clear that the questionnaire does not constitute an administrative charge, then claims raised in the questionnaire but not the actual EEOC charge are not properly exhausted. See, e.g., Bost v. Fed. Express Corp., 372 F.3d 1233, 1240-41 (11th Cir. 2004); Novitsky v. Am. Consulting Eng'rs, LLC, 196 F.3d 699 (7th Cir. 1999); cf. Fed. Express Corp. v. Holowecki, 128 S. Ct. 1147 (2008) (holding that the EEOC's determination that an "Intake Questionnaire" and accompanying detailed affidavit alleging a violation of the ADEA was a "charge" was a reasonable exercise of the EEOC's authority). Accordingly, Craig's non-retaliation claims against DHEC are procedurally barred.

### 2. Other Grounds

In its memorandum, DHEC also raises various arguments as to why the claims that are the subject of its motion should be dismissed, including: (1) any claims asserted against DHEC pursuant to 42 U.S.C. § 1983 must be dismissed because, as a state agency, DHEC is not a "person" within the meaning of that statute; (2) any state law claim arising out of Craig's allegations must be brought exclusively under the state Workers Compensation Act; and (3) DHEC, as a state agency, cannot be held liable for punitive damages. (See generally DHEC's Mem. Supp. Mot. to Dismiss, Docket Entry 35-1.) In her opposition memorandum, Craig appears to abandon these claims by not addressing any of DHEC's arguments on these grounds. Having reviewed DHEC's motion and memorandum, the court finds that Craig's state law claim and non-retaliation federal claims against DHEC should be dismissed pursuant to the following authorities: Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (holding that governmental entities that are considered "arms of the state" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); Sabb v. S.C. State Univ., 567 S.E.2d 231, 233-34 & n.3 (S.C. 2002) (relying in part on S.C. Code Ann.

PJG

§§ 42-1-540 and 15-78-60(14) and holding that the Workers' Compensation Act provides the exclusive remedy for work-related tort injuries); Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700, 701-02 (S.C. 1993) (holding that a course of sexual misconduct, harassment, assault, and abuse perpetrated by a supervisor against a female subordinate was covered by the Workers' Compensation Act); City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981) (holding that governmental entities are not liable for punitive damages under § 1983); 42 U.S.C. § 1981a(b)(1) (stating that punitive damages are not recoverable against governmental entities under Title VII); S.C. Code Ann. § 15-78-120(b) (stating that punitive damages are not recoverable against a governmental entity under the Tort Claims Act).

## RECOMMENDATION

Accordingly, the court recommends that DHEC's partial motion to dismiss (Docket Entry 35) be granted, and that, as to DHEC, only Craig's Title VII retaliation claim should be permitted to go forward.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 6, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).