**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Erika Craig, | ) C/A No. 3:08-2113-CMC-PJG |
| | ) |
| Plaintiff, | ) |
| | ) **OPINION & ORDER** |
| v. | ) |
| | ) |
| South Carolina Department of Health and | ) |
| Environmental Control; and Terry Davenport, | ) |
| in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Defendant South Carolina Department of Health and Environmental Control's ("DHEC") partial motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation ("Report"). The Report recommends that the court grant DHEC's partial motion to dismiss. For the reasons set forth below, the court adopts the Report in full and dismisses all claims against DHEC except Plaintiff's Title VII retaliation claim.

On May 5, 2008, Plaintiff filed this civil rights action against her former employer, DHEC, and her former supervisor, Terry Davenport. *See* Dkt. No. 1-1. Plaintiff asserts federal claims of discrimination on the basis of race, color, and sex; discriminatory harassment; retaliation; hostile work environment; and constructive discharge. Additionally, Plaintiff raises state-law claims of gross negligence, defamation, and intentional infliction of emotional distress. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1983; S.C. Code Ann. § 1-13-30 *et seq.*; and state common law. Dkt. No. 1-1 at ¶ 1.

On July 17, 2009, DHEC moved to dismiss all of Plaintiff's claims against the agency except her Title VII retaliation claim. *See* Dkt. No. 35. On October 6, 2009, after briefing on the motion, *see* Dkt. Nos. 40, 44, the Magistrate Judge issued her Report recommending that the court grant DHEC's partial motion to dismiss.

This court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

To date, no party has filed an objection to the Report. The time for doing so expired on October 26, 2009. After careful review of the Complaint, the motion to dismiss, and the Report, the court finds no clear error. Accordingly, the Report is adopted and incorporated by reference, and DHEC's partial motion to dismiss, Dkt. No. 35, is **granted**. All claims against DHEC, with the exception of Plaintiff's Title VII retaliation claim, are **dismissed with prejudice.**

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 2, 2009